UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JOHN PENA,

    *Plaintiff*,

v.                                              Case No. 5:24-CV-00199-JKP

ATASCOSA COUNTY, CITY OF
PLEASANTON,

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Atascosa County's Motion for Judgment on the Pleadings. *ECF No. 42*. Plaintiff John Pena filed a Response, to which Atascosa County filed a Reply. *ECF Nos. 45, 48*. Upon consideration, the Court GRANTS Atascosa County's Motion. *ECF No. 42*.

## BACKGROUND

In the Court's January 27, 2025, Memorandum Opinion and Order, the Court construed Atascosa County's Motion to Dismiss, (*ECF No. 25*), as a Partial Motion to Dismiss and granted the Motion as to Pena's disability discrimination and retaliation causes of action under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq. See ECF No. 40*. Because Atascosa County made only cursory reference to the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1964, without providing argument, the Court did not analyze whether Plaintiff John Pena ("Pena") failed to state a cause of action for disability discrimination and retaliation under those statutes. *Id. at 8*. Atascosa County now moves for judgment on the pleadings as to these remaining causes of action. *ECF No. 42*.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(c) provides "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. The Tobacco Inst., Inc.,* 278 F.3d 417, 420 (5th Cir. 2001) (internal quotations omitted). Although the Court must accept the factual allegations in the pleadings as true, *id.,* a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

**ANALYSIS**

**I.   Pena's Causes of Action Pursuant to Title VII**

Pena's claims against Atascosa County are based on his alleged disability, post-traumatic stress disorder ("PTSD"). *See ECF No. 22*. Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits employers from discriminating on the basis of race, color, religion, sex, or national origin. See 42 U.S.C. § 2000e-2. Disability, however, is not a protected category under Title VII. While Pena identifies himself as a Mexican American male and identifies his coworkers' races, Pena alleges no facts indicating Atascosa County's alleged actions were taken on account of Pena's race as opposed to some other factor. *E.g.*, *ECF No. 22 at 3* ("Sheyanne (Luckman) McGhee, Anglo female, and Craig Tallant, Anglo male, . . . were treated more favorably than Plaintiff."). A statement of facts, such as these, that merely creates a suspicion a pleader might have a cause of action is insufficient. *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006).

As a result, Pena's Title VII causes of action must be dismissed for failure to state a cognizable claim.

## II. Pena's Causes of Action Pursuant to the Rehabilitation Act of 1973

Pena's failure to defend his Rehabilitation Act of 1973 causes of action in his Response to Atascosa County's Motion for Judgment on the Pleadings means he concedes those claims. *See ECF No. 45*. A plaintiff's "failure to pursue" or defend a claim in response to a dispositive motion constitutes abandonment of that claim. *See, e.g., Terry Black's Barbeque, LLC v. Sate Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022) ("A plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims."); *In re Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017) (plaintiff abandoned claim in failing to address it in opposition to the motions to dismiss and for summary judgment); *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (claim abandoned by plaintiff when she failed to defend it in response to motion to dismiss).

Furthermore, the Court finds merit in the arguments presented by Atascosa County. *See ECF No. 42*. Under Section 504 of the Rehabilitation Act of 1973, no qualified disabled individual may be denied benefits or discriminated against solely on the basis of a disability under any program or activity receiving federal funding. *See* 29 U.S.C. § 794. The Fifth Circuit has held to state a valid cause of action under Section 504, a plaintiff must allege that the specific program or activity with which he or she was involved receives or directly benefits from federal financing assistance. *See Lightbourn v. County of El Paso, Tex.*, 118 F.3d 421, 427 (5th Cir. 1997), *cert. denied*, 522 U.S. 1052 (1998). Here, Pena's Second Amended Complaint is silent on the issue. *See ECF No. 22*. Without such allegations, Pena has, therefore, failed to state a claim upon which relief may granted under Section 504 of the Rehabilitation Act of 1973. *Block v. Texas Bd.*

*of L. Examiners*, 952 F.3d 613, 619 (5th Cir. 2020). Accordingly, Pena's Rehabilitation Act of 1973 causes of action must be dismissed for failure to state a cognizable claim.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Atascosa County's Motion. *ECF No. 42*. As none of Pena's causes of action asserted against Atascosa County remain, the Court **DIRECTS** the Clerk of Court to terminate Defendant Atascosa County from this case.

It is so ORDERED.
SIGNED this 21st day of May, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE